DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1911.

---

## William H. Turner et al., Executors, Appellees, v. James G. Turner, Appellant.

1. APPEALS AND ERRORS—*when decree not set aside.* A decree in a court of chancery sustained by the evidence will not be disturbed on review.

2. APPEALS AND ERRORS—*when cost of additional abstract taxed.* The cost of an additional abstract if rendered necessary by the insufficient abstract filed by the appellant will be taxed in favor of the appellee.

Bill in equity. Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed in part and reversed in part. Opinion filed October 14, 1911.

BEACH, HODNETT & TRAPP, for appellant.

HOBLIT & SMITH, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This cause was first heard in this court at the May term, 1909, and opinion filed December 1, 1910, and a

(1)

rehearing granted; as a result of the rehearing, this court has arrived at the following conclusions:

Emanuel Turner, the father of complainants and defendant, died testate in Logan county, Illinois, on the 17th day of November, 1906. By his will he appointed complainants and defendant executors thereof, said executors being his sons, who, with his widow, Martha Turner, were the only persons entitled to share in his estate. He was the owner of large tracts of farming lands in Logan county, had an account in the bank at Middletown, in said county, besides owning a large amount of personal property. It appears that the deceased at different times loaned money to his several sons, taking notes, and chattel mortgages to secure them, and that these transactions between them continued for many years prior to the time of his death. His will was admitted to probate, complainants and defendant qualified as executors and entered upon the execution of their trust.

After the appointment of the executors, appellees insisted that their co-executor, appellant, was indebted to the estate in certain amounts, and demanded payment thereof; payment was refused and appellees filed their bill in equity asking for an accounting and set forth in said bill various notes which they alleged appellant owed the estate.

The cause was referred to the master, the master made his report and findings. The cause was heard before the chancellor upon exceptions to the master's report. The exceptions were overruled, the master's report approved and a decree rendered against appellant, and to reverse that decree this appeal is prosecuted.

While a great variety of expressions are used in assigning errors in this record, they in fact raise but one question, whether or not the evidence in this case is sufficient to sustain the decree.

At the time of testator's death he was eighty-four years of age. He had in his possession several notes and chattel mortgages executed by appellant. The only notes upon which any question is raised by this appeal, however, are two notes, one for $733, dated November 4, 1895, and one for $500 which is described in a chattel mortgage dated November 6, 1906. The $733 note was in the possession of testator at his death, but the alleged note of date November 6, 1906, was not found among the papers of testator but a mortgage in which this alleged $500 note is described was on record, and was found by appellees among testator's papers. Appellees insist that the reason this note was not found among testator's papers is, that just prior to the death of testator it was wrongfully taken by appellant from a box in which testator kept his valuable papers at home.

Appellant contends that the note for $733 was paid before the death of testator, and that the alleged note for $500 designated as being dated November 6, 1906, never existed and that the only basis for this note being mentioned or described is, that the chattel mortgage of that date which was on record and found among testator's papers was made to secure the indebtedness represented by another note dated December 2, 1905, and that it was the intention to renew that note of December 2, 1905, by the execution of a new note and chattel mortgage of date November 6, 1906, but that in fact no renewal note of date November 6, 1906, was ever executed.

The decree found that appellant owed the note of date December 2, 1905, as well as the note of November 6, 1906. Appellant does not question the indebtedness of December 2, 1905, but insists he does not owe the note of date November 6, 1906.

The master found appellant owed both of these notes and his findings were approved and decree

rendered thereon by the chancellor, requiring appellant to account for these two notes with others not now questioned. The note for $733 was in the possession or control of testator at the time of his death, and the presumption is that it was not paid. The burden was upon appellant to overcome this presumption. A great deal of stress is placed by appellant upon the fact that this note was nearly barred by the Statute of Limitations, that it had only a few months to run at the time suit was brought and that no attempt had been made by testator to collect the note in his lifetime and appellant insisted that the reason he did not insist on the note being delivered to him was because he felt secure and safe from the fact that it was paid and that he never would be disturbed or called upon by his father to account for it again, but all the evidence on this question was given due consideration by the master and he found that this note had not been paid.

There is no direct evidence of the payment of this $733 note, except the testimony of appellant. While numerous witnesses testified that the testator in their presence had said that appellant had paid him "a" note, and also that deceased had said he was lucky in going to town at a certain time, when appellant had sold some hogs, because appellant paid him *a* note, no witness attempts to connect any of these conversations of the testator with this particular note, except a daughter of defendant and her evidence is vague and uncertain. Upon the plea of payment the burden was on appellant to show that the note was paid.

Regarding the note of $500 alleged to bear date November 6, 1906, there is no direct evidence that it ever existed, but to show its execution plaintiffs rely wholly upon the fact that the mortgage of date November 6, 1906, which describes this note was found among the papers of testator by the executors, but the attorney who drafted this mortgage testifies posi-

tively that no such note was executed at the time of the execution of the mortgage, and the justice before whom the mortgage was acknowledged says he saw no note at the time he took the acknowledgment, and the testimony of the surviving widow and of Irvin Turner, one of the complainants, who had examined the contents of the box which was taken to the barn by defendant a short time before the death of Emanuel Turner, is that no such note was ever seen by them in this box, and we are satisfied, after consideration of this cause upon the rehearing, and we are of the opinion, that the alleged note of $500 never existed, and that no liability exists against defendant by reason of the recital of the $500 note in the mortgage found among testator's papers of date November 6, 1906. If recovery could be had upon it, it would have to be upon proof of the lost note and before recovery can be had upon a lost note it must be shown to have been executed, and there is no sufficient proof of its execution in this record. Neither is there any proof of any other existing indebtedness which the mortgage of November 6, 1906, is alleged to have been executed to secure.

There being no controversy as to the $500 note of date December 2, 1905, the decree is affirmed in all matters except wherein it requires appellant to account for the alleged $500 note of date November 6, 1906, and in that respect the decree is reversed.

*Affirmed in part and reversed in part.*

Motion by appellees to tax costs of additional abstract furnished by appellees against appellant, which motion was taken with the cause, is allowed.